IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS WINGO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-02351-JPG |
| | ) |
| **SHEILIA HEADING,** | ) |
| **CODY CROSS,** | ) |
| **C/O HAVERY,** | ) |
| **and C/O HALEY,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

This matter is now before the Court for case management. Plaintiff Dennis Wingo filed this action pursuant to 42 U.S.C. § 1983 on October 11, 2022. (Doc. 1). In the Complaint, he complained of unconstitutional conditions of confinement he endured one month earlier at White County Jail in Carmi, Illinois. (*Id*.). He requested declaratory judgment, money damages, and "Rule 65" relief. (*Id*.). Due to his request for preliminary injunctive relief, the Court prioritized screening of this case and allowed one or more claims to proceed in an Order for Service of Process entered October 13, 2022. (Doc. 6).

At the time this case was opened and screened, the Court entered two Orders advising Wingo of his ongoing obligation to notify the Court and parties of any address change within seven (7) days of a relocation. (*See* Doc. 4; Doc. 6, p. 8). In both Orders, Plaintiff was explicitly warned that the case would be dismissed for failure to timely notify the Court of any changes in his address. (*Id*.) (citing FED. R. CIV. P. 41(b)). The Court has since received multiple pieces of mail returned undeliverable. (Docs. 3-5, 10-13). A note on the envelope docketed on October 31, 2022, indicates

1

that the "Inmate is no longer at this facility." (*See* Doc. 10). To date, Plaintiff has provided no updated address to the Court, and three weeks have passed since the Court received Doc. 10. (*Id*.). A note from the Jail's trust fund officer indicates that the inmate was released from custody on October 12, 2022. (Doc. 9).

> On November 1, 2022, the Court entered the following order:
>
> ORDER TO SHOW CAUSE: Plaintiff was advised of his continuing obligation to keep the Clerk of Court informed of any change in his address and that failure to timely update his address could result in dismissal of this action for want of prosecution. (See Docs. 4 and 6). One or more documents mailed to Plaintiff by the Court has been returned undeliverable. (See Docs. 3, 4, and 5). Plaintiff is hereby ORDERED to SHOW CAUSE on or before NOVEMBER 15, 2022, why this action should not be dismissed based on his failure to comply with the Court's Orders at Docs. 4 and 6 to update his address and for failure to prosecute his claims. Fed. R. Civ. P. 41(b). Plaintiff is WARNED that failure to respond to this Order will result in dismissal of the action without prejudice. The Clerk is DIRECTED to transmit a copy of this Order to Show Cause to Plaintiff at the address he most recently provided to the Court.

(*see* Doc. 11). Pursuant to this Order to Show Cause, Wingo was warned that his case would be dismissed, if he failed to respond to the show cause order on or before November 15, 2022. (*Id*.). The Order to Show Cause was returned to the Court undelivered on November 18, 2022. (*See* Docs. 11-13). The Court will not allow this matter to linger any longer. Wingo has disregarded numerous court orders to timely update his address, and he has failed to prosecute his claims herein. Accordingly, this action shall be dismissed without prejudice.

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** without prejudice because Wingo has not complied with the Court's Orders to update his address (Docs. 4 and 6), has not responded to the Order to Show Cause (Doc. 11), and has failed to prosecute his claim(s) in this case. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993). The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Wingo's Motion for Leave to Proceed in forma pauperis (Doc. 2) is **DENIED** because he failed to provide his trust fund statement in support of his application for leave to proceed without prepayment of the filing fee for this action.  His obligation to pay the filing fee was incurred at the time the action was filed, regardless of subsequent developments in the case.  Accordingly, the filing fee of $402.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  11/28/2022

s/ J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**